UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VOLVO FINANCIAL SERVICES,

      **Plaintiff,**

v.                                                    Case No.: 8:25-cv-2030-TPB-AAS

CALDERONI TRUCKING, LLC, and
CARLI CALDERONI,

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The plaintiff, Volvo Financial Services ("Volvo Financial"), requests that the court award attorney's fees of $7,726.50 against the defendants, Calderoni Trucking, LLC, and Carli Calderoni. (Doc. 21). The defendants did not respond, and the time to do so has expired. The motion is treated as unopposed. *See* Local Rule 3.01(d), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

## I.   BACKGROUND

This motion for attorney's fees arises from the undersigned's recommendation that Volvo Financial should be entitled to recover attorney's fees and costs, and the District Judge's adoption of the recommendation (Doc. 24).

On October 30, 2025, Volvo Financial moved for Default Judgment. (Doc.

17). On December 18, 2025, the undersigned entered a Report and Recommendation ("R&R") on Volvo Financial's motion and recommended the motion for default judgment be granted in part and denied in part. (Doc. 18). Specifically, the R&R recommended that judgment be entered against defendants on Count I and II. (*Id.*). The plaintiff objected to the R&R, and the District Judge affirmed and adopted the report as to Counts I and II of the complaint. (Doc. 24). Volvo Financial requests that the court award $7,726.50 in attorney's fees and $405 in taxable costs. (Doc. 21).

## II.   ANALYSIS

The court already has determined that an award of reasonable attorney's fees and taxable costs is appropriate. (Docs. 18, 24). As to the amount of fees to be awarded, the Eleventh Circuit applies the lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). The moving party bears the burden of establishing the reasonableness of its hourly rate and the number of hours expended. *Norman v. Hous. Auth. of the City Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In making fee determinations, the court can rely on its expertise regarding the prevailing hourly rates in the marketplace and the number of hours expended. *Id.*

The court has reviewed counsel's declarations and time records. (Doc. 21). The requested hourly rates and number of hours performed are reasonable. (*See* Doc. 21). Specifically, the reasonable attorney's fees incurred are for a total of $7,726.50, comprising a total of 23 hours of work.

Christopher D. Cathey, an equity partner at Taylo Duma, LLP, with over 20 years of experience, billed for 1.9 hours of work at the hourly rate of $475. Austin M. Krtausch, an associate, billed 18.6 hours at a discounted rate of $340 per hour. Laura Bellizio, a paralegal with over 10 years of experience, billed 2.5 hours at a rate of $200 per hour. Upon review of the billing records, the hours expended, and the hourly rates charged are reasonable.

In addition, Volvo Financial incurred $405 in taxable costs for the filing fee to initiate the underlying action. Filing fees are recoverable as taxable costs because they are the "'fees of the clerk'" under 28 U.S.C. § 1920(1). Thus, Volvo Financial should also be awarded $405 in taxable costs.

## III.    CONCLUSION

Accordingly, it is **RECOMMENDED** that Volvo Financial's motion for attorney's fees (Doc. 21) be **GRANTED**. The court should award Volvo Financial Services $7,726.50 in attorney's fees and $405 in taxable costs.

**ENTERED** in Tampa, Florida, on February 17, 2026.

3

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to request an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.